*93 The opinion of the Court was delivered by
Dunkin, C. J.
By 4 sec. A. A. 1865, p. 12, it is enacted that “ The punishment of felony with benefit of clergy, for the first offence, shall, at the discretion of the Court, be by one or more of the following modes,” &c.; among which are enumerated confinement in a penitentiary, with such imposition of hard labor and solitary confinement as may be directed, whipping in all cases involving the crimen falsi ; disqualification to vote, &c. At the close of the enumeration it is declared as follows: “ But no punishment more degrading than imprisonment shall be imposed on a white person for a crime not infamous.”
Whether, prior to the Act of 1865, manslaughter was regarded in the law as an infamous crime, rendering the party convicted incompetent to testify in a court of justice, is an inquiry which it is not proposed now to institute. But, after a careful examination of the Act of 1865, purporting to amend the criminal law, and declaring various felonies without benefit of clergy and others with benefit of clergy, and indicating the scale of punishments as well as the special qualification above recited, the Court is of the opinion that the crime of manslaughter is not such infamous offence as would subject the party convicted to any punishment more degrading than imprisonment.
The presiding Judge reports that, by the sentence of the Court, the parties were sent to the penitentiary, one for five, the other for three years; and to be confined in the jail of Pickens until the penitentiary was established and ready to receive convicts. As thus stated, the Court perceives no error in the judgment pronounced; but on reference to the original sentence on the indictment, the defendants are ordered to be imprisoned, the former for five years, and the latter for three years, to remain in the jail at Pickens until the penitentiary be prepared to receive convicts, then to be transported by the Sheriff, and delivered to the keeper of the penitentiary, and *94 there be confined at hard labor for the remainder of the term of imprisonment. So much of the sentence as superadds to imprisonment a condemnation to hard labor during the term of imprisonment is without warrant of law, and the sentence is,(to that extent, corrected.
Wardlaw and Inglis, J. J., concurred.

Sentence corrected.